UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 3 0 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

DEBORAH DIANE FLETCHER,      )
                             )
          Plaintiff,         )
                             )
     v.                      )      Civil Action No. 1:18-cv-01070-UNA
                             )
                             )
U.S. DEPT. OF EDUCATION, *et al.*,   )
                             )
          Defendants.        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff brings wide-ranging allegations against several defendants, including the Department of Education. Plaintiff first alleges that this Court entered a judgment on her behalf for $30 million dollars on November 30, 2013. [Compl. at ¶ 1]. Plaintiff indicates that the Hon. Amy Berman Jackson presided over that case. She alleges that this judgment has not yet been paid and it appears that she seeks to collect on that judgment in the instant matter. *See id.*

While the plaintiff did, in fact, have a single case assigned to Judge Jackson, namely, *Fletcher v. Department of Education* (1:11-cv-01943-ABJ), there is absolutely no record of any such judgment on behalf of the plaintiff. In that case, the plaintiff requested that her student loan debt owed to the Department of Education be discharged due to her disability. [*See id.,* Compl., ECF No. 1]. The government officially informed plaintiff, under sworn declaration, that her student debts had been fully discharged. [*See id.,* Memorandum & Opinion, ECF No. 24]. The court then granted summary judgment on behalf of the defendant. *See id.*

In the instant complaint, plaintiff secondarily alleges that she received some sort of an educational grant in 1954. [Compl. at ¶ 1]. She alleges that she has petitioned two different universities to honor her grant. The institutions refused to honor her grant, instead providing her with general financial aid information. *See id.* The remainder of the allegations are difficult to discern, but it seems that plaintiff is requesting that the universities be mandated to provide her with a check for tuition based on a student aid report. [Compl. at ¶ 2].

The sweeping and disjointed allegations comprising the complaint fail to provide adequate notice of a claim. The complaint also fails to set forth allegations with respect to this Court's jurisdiction over plaintiff's entitlement to relief or a valid basis for any award of damages. As drafted, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a).

Therefore, the Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

Date:   May **2 7** , 2018                     _____
                                                          United States District Judge